**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

AHMED FOUAD,

        Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

        Respondent.

Case No. C11-654-TSZ-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ahmed Fouad is a native and citizen of Ethiopia who is being detained without bond by the United States Immigration and Customs Enforcement ("ICE") pending completion of his removal proceedings before the Immigration Court. On April 15, 2011, petitioner, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention. (Dkt. No. 7.) As relief, he requests that this Court "[o]rder the Petitioner be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Court and the Ninth Circuit." *Id*. at 2. Respondent has filed a motion to dismiss, arguing that petitioner is lawfully detained as a criminal alien with a final conviction under the

mandatory detention provisions of Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), pending completion of his immigration proceedings. (Dkt. No. 12.)

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner was admitted to the United States on July 13, 1982, as a refugee. (Administrative Record ("AR") at L30-32.)  He subsequently adjusted his status to lawful permanent resident retroactive to his date of admission.  (AR L344.)  On July 15, 2009, petitioner was convicted in the Superior Court of Washington for King County of a Violation of the Uniform Controlled Substances Act:  Deliver Cocaine, and was sentenced to twelve months plus one day confinement.  (AR R103-12.)  Petitioner did not appeal his criminal conviction to the Washington State Court of Appeals.

On or about April 1, 2010, petitioner was transferred from the Stafford Creek Corrections Center in Aberdeen, Washington, to ICE custody pursuant to an immigration detainer.  (AR L2-3, R102-03.)  Petitioner was served him with a Warrant for Arrest of Alien and a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), relating to the illicit trafficking in a controlled substance; and under INA § 237(a)(2)(B)(i), for having been convicted of a violation of a law relating to a controlled substance.  (AR L5-7.)  ICE made an initial custody determination to detain petitioner in the custody of the Department of Homeland Security without bond.  (AR L2.)

On or about April 7, 2010, petitioner filed a Motion to Terminate Removal Proceedings, claiming that his criminal conviction was on direct appeal and could not be considered by an Immigration Judge ("IJ") until it is final. (AR L8-9.) However, two searches of state court records indicated that no appeal was ever filed. (AR L37-38, R178-79.) On August 27, 2010, an IJ denied petitioner's motion to terminate removal proceedings, finding that he had failed to timely appeal his criminal conviction, that his criminal conviction was final for immigration purposes, and that he had failed to prove United States citizenship. (AR L411-12.) On May 3, 2011, an IJ ordered petitioner removed from the United States to Ethiopia based on the chargers contained in the Notice to Appear. Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). Petitioner's appeal remains pending with the BIA.

On April 15, 2011, petitioner filed the instant habeas petition. (Dkt. No. 7.) On June 1, 2011, respondent filed a motion to dismiss. (Dkt. No. 12.) Petitioner did not file a response.

## III. DISCUSSION

Section 236(c) of the INA provides that "[t]he Attorney General shall take into custody any alien who" is deportable from the United States because he has been convicted of certain crimes specified in the provision. INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(c)(1)(B). Section 236(c) states, in part, as follows:

> The Attorney General shall take into custody any alien who –
> . . .
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> . . .
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c). Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) during removal proceedings are not entitled to a bond

REPORT AND RECOMMENDATION
PAGE - 3

hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 531 (2003), the Supreme Court held that the mandatory detention of an alien under INA § 236(c) was a constitutionally permissible part of the removal process. In reaching that conclusion, the Supreme Court emphasized that under INA § 236(c), "not only does detention have a definite termination point, in the majority of cases it lasts for less than 90 days . . . ." *Id.* at 529. The Supreme Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Id.* at 513.

In the present case, ICE charged petitioner with being removable from the United States under INA § 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) based upon his conviction for illicit trafficking in a controlled substance. (AR L5-7.) Thus, petitioner falls within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory pending completion of removal proceedings. The Court concludes that petitioner's detention pending the outcome of his removal proceedings is required by INA § 236(c) and is not unconstitutional. *See Demore*, 538 U.S. at 531.

In sum, the Court does not find any basis in the present case to depart from the express requirement of mandatory detention under INA § 236(c) as upheld by the Supreme Court in *Demore*. *Id*. Accordingly, petitioner's request for habeas relief from mandatory detention should be dismissed.

//

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

DATED this 12th day of July, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge